O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' motion to dismiss

Before the Court is Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint. The Court finds the matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.   Background

On May 20, 2011, Plaintiffs Henry and Veronica Troup ("Plaintiffs") filed a Fourth Amended Class Action Complaint ("FAC") against Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively, "Defendants" or "Toyota"). [1] *See* Dkt. # 69 (May 20, 2011). Plaintiffs, who owned a 2008 Toyota Prius, *FAC* ¶ 10, bring this action on behalf of similarly situated owners of 2004-2009 Prius vehicles. As detailed in previous Orders, Plaintiffs contend that Toyota misrepresented material information regarding the fuel and mileage capacity of its Prius vehicles. [2] In essence, they assert that the fuel tank contracts in cold weather such

---

[1] Pursuant to the parties' joint stipulation, the causes of action asserted in the Fourth Amended Complaint have been dismissed without prejudice as to Plaintiff Karen Bush Gertz under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See* Dkt. # 79 (June 15, 2011).

[2] As the parties are by now familiar with the facts giving rise to the allegations in the Fourth Amended Complaint, the Court incorporates by reference the factual and procedural background as set forth in its prior Orders. *See, e.g.,* Dkt. # 68 (Apr. 28, 2011) (Order Granting Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint); Dkt. # 45 (Sept. 10, 2010) (Order

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

that the Prius holds significantly less fuel than its stated capacity and that this "shrinking bladder defect" generates inaccuracies in the gas gauge. *FAC* ¶¶ 2, 21.

Specifically, Plaintiffs' Fourth Amended Complaint ("FAC") asserts four causes of action: (1) a claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"); (2) a claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*); (3) a claim for breach of express warranty, Cal. Com. Code § 2313; and (4) a claim for breach of the implied warranty of merchantability, Cal. Com. Code § 2314. *See* FAC, Dkt. # 69 (May 20, 2011). On June 13, 2011, Toyota filed a motion to dismiss the FAC with prejudice. In so doing, it argues that Plaintiffs' express and implied warranty claims are defectively pled and that Plaintiffs' UCL and Magnuson-Moss Warranty Act claims, which are predicated on their warranty claims, therefore fail accordingly.

II.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court

Granting Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

must determine whether the complaint alleges a plausible claim to relief. *See Iqbal,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint," (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.     Discussion

The pleading at issue in this motion constitutes Plaintiffs' fifth attempt to state cognizable claims against Toyota based on allegations regarding the fuel and mileage capacity of its 2004-2009 Toyota Prius vehicles. On April 28, 2011, the Court granted Toyota's motion to dismiss Plaintiffs' Third Amended Complaint, but permitted Plaintiffs to amend its claims for breach of express warranty, breach of implied warranty, violation of California's Unfair Competition Law ("UCL"), and violation of the Magnuson-Moss Warranty Act ("MMWA"). *See* Dkt. # 68 (Apr. 28, 2011). Now, once again, Toyota moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court, in proceeding, will first address the sufficiency of allegations with respect to Plaintiffs' warranty claims and then evaluate Plaintiffs' claims for violations of the UCL and MMWA.

A.     Breach of Express Warranty Claim (Third Cause of Action)

Section 2313 of the California Commercial Code provides that an express warranty is created by any affirmation of fact or promise relating to the subject matter of a contract for the sale of goods, which is made part of the basis of the parties' bargain. Cal. Com. Code § 2313(1)(a); *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997). To succeed on a claim for breach of express warranty under California law, a plaintiff must establish (1) that the seller's statement amounts to an affirmation of fact or promise relating to the goods sold; (2) that the affirmation or promise was part of the basis of the bargain; (3) that the seller breached the warranty; and (4) that the breach harmed the plaintiff. *See Shein v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

*Canon U.S.A., Inc.*, No. 08-07323-CAS, 2009 WL 1774287, at *3 (C.D. Cal. June 22, 2009) (citing *McDonnell Douglas Corp.*, 124 F.3d at 1176). Additionally, in the context of automobile warranties, courts have held that an express warranty is not considered breached unless and until the defendant refuses or fails to repair. *See, e.g., Fedrick v. Mercedes-Benz USA, LLC,* 366 F. Supp. 2d 1190, 1198 (N.D. Ga. 2005) ("It is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty.").

The Fourth Amended Complaint asserts a claim for breach of Toyota's "Basic Warranty," a three-year, 36,000-mile express warranty for "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota …." *FAC* ¶ 75. The Court previously dismissed this claim in the Third Amended Complaint, reasoning that because Plaintiffs failed to allege when Mr. Troup presented the Troups' Prius to the dealer for repair, the pleading failed to indicate whether Mr. Troup reported the alleged defect and/or gave Toyota an opportunity to perform repairs within the three-year warranty period.[3] Dkt. # 68 at 14-15 (Apr. 28, 2011); *see also Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (2006) (express warranties do not cover repairs made after the applicable time has elapsed).

In moving to dismiss the Fourth Amended Complaint's breach of express warranty claim, Toyota first contends that Plaintiffs failed to rectify the defect identified in the Court's prior Order. The Fourth Amended Complaint states that:

> Plaintiffs complained about the defect to the dealer within the warranty period. The Troups called their dealer when their Prius had approximately 18,000 miles on it in November, 2010 (less than two years after they purchased their 2008 Prius). The Prius was within the 36-month, 36,000-mile warranty period. Plaintiffs were told by the dealer there was "no fix for it" and that the shrunken fuel tank was "normal" for cold weather. Plaintiffs informed the dealer of the

---

[3] The Court also dismissed Plaintiffs' claim that Toyota breached an express warranty created by representations in Toyota's advertising and marketing materials that (1) 2004-2009 Prius vehicles are equipped with an 11.9- gallon capacity fuel tank; and (2) statements that the Prius could travel over 500 miles on a tank of gas. Dkt. # 68 at 14-15 (Apr. 28, 2011) (citing TAC ¶ 112). In so holding, the Court reasoned that Plaintiffs failed to adequately allege the requisite element of breach, that is, that the representations Plaintiffs identified were inaccurate. *Id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

      problem and provided the dealer with an opportunity to fix the
      problem, but the dealer advised that the problem could not be fixed.

*FAC* ¶ 81.  According to Toyota, the pleading is deficient in that Plaintiffs only allege that they *called* the dealership to complain about the shrunken fuel tank, not that they actually *brought* their Prius to the dealership for inspection and repair.  Toyota thus contends that Plaintiffs failed to comply with the Court's instruction to allege when they "presented their Prius to the dealer for repair."  *See* Dkt. # 68 at 14 (Apr. 28, 2011).

      This argument, however, proves too much.  As Plaintiffs correctly note, the Court's prior Order was concerned with whether Plaintiffs provided the dealership with an opportunity to repair the vehicle within the warranty period.  It does not, contrary to what Toyota suggests, stand for the proposition that to state a claim for breach of a vehicle warranty, a plaintiff must have physically presented the allegedly defective car to the dealership for inspection or repair.  Thus, because the Fourth Amended Complaint contains factual allegations showing that Plaintiffs complained about the allegedly shrinking fuel tank in November 2010, while their Prius was still under warranty, Plaintiffs' breach of warranty claim does not fail on this basis.

      It nonetheless fails, however, on other grounds.  The Basic Warranty, by its own terms, covers "repairs or adjustments for defects in materials or worksmanship of any part supplied by Toyota," subject to certain exceptions.  *Defendants' Request for Judicial Notice ("RJN")* at 10 (2008 Prius Owner's Manual) [Dkt. # 74 (June 13, 2011)].  Here, Plaintiffs' pleading makes clear that the alleged fuel tank and gauge defects which give rise to Plaintiffs' breach of warranty claim exist with respect to *all* of Toyota's 2004-2009 Prius vehicles, not merely the particular vehicle owned by the Troups.  This claim, in other words, concerns an alleged defect in design.[4]  "Unlike defects in materials or workmanship, a design defect is manufactured in accordance with the product's intended specifications."  *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007); *see also McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120, 123 Cal. Rptr. 2d 303 (2002) (stating that a design defect "exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective.").  Thus, because the terms of Toyota's Basic Warranty do not extend to design defects, Plaintiffs fail to state a claim for breach of express warranty.

---

[4] Plaintiffs do not contest this point in their opposing papers.  *See Opp'n* 14:7-10 (acknowledging that Toyota raised a design defect argument and pointing out that the Court declined to dismiss the claim on this basis in the TAC).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

*See Tait v. BSH Home Appliances Corp.*, No. SACV 10–711 DOC, 2011 WL 1832941, at *3 (C.D. Cal. May 12, 2011) (dismissing plaintiff's breach of express warranty claim based on alleged design defect in the defendant's washing machines; warranty for any defects in "materials or workmanship" did not cover allege design defect). The Court therefore DISMISSES Plaintiffs' third cause of action.

  B. Breach of Implied Warranty Claim (Fourth Cause of Action)

  Toyota next seeks to dismiss Plaintiffs' cause of action for breach of implied warranty. The California Commercial Code implies a warranty of merchantability that goods "[a]re fit for ordinary purposes for which such goods are used." Cal. Com. Code § 2314(2). To succeed on a claim for breach of implied warranty under Section 2314, a plaintiff must allege five elements: (1) at the time of the purchase, the defendant was in the business of selling the product; (2) the product was not of the same quality as those generally acceptable in the trade, or was not fit for the ordinary purposes for which the product is used, or did not conform to the quality established by the parties' prior dealings or by usage of trade; (3) the plaintiff took reasonable steps to notify the defendant within a reasonable time that the product did not have the expected quality; (4) the plaintiff was harmed; and (5) the failure of the product to have the expected quality was a substantial factor in causing the plaintiff's harm. *See* Judicial Council of California Civil Jury Instruction ("CACI") No. 1231; Cal. Com. Code § 2314. An implied warranty under § 2314 "provides for a minimum level of quality;" it does not impose a general requirement that goods precisely fulfill the expectation of the buyer. *Stearns v. Select Comfort Retail Corp.,* No. 08-2746 JF, 2009 WL 1635931, at *8 (N.D. Cal., June 5, 2009).

  The Court previously dismissed Plaintiffs' implied warranty claim in the Third Amended Complaint upon finding that Plaintiffs failed to allege that the vehicles were unsafe or unfit for ordinary use, and that Plaintiffs failed to allege a cognizable harm that was caused by the alleged breach of implied warranty. *See* Dkt. # 68 at 19-20 (Apr. 28, 2011). Plaintiffs' pleading was subsequently amended to state the following:

> These vehicles, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used. Specifically, the Prius has a gas tank that shrinks in cold weather. The defect also affects the inclinometer,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

> which affects the accuracy of the fuel gauge. A gas tank that holds as
> few as six gallons of gas is not fit for the ordinary purpose for which
> cars are used. An inaccurate fuel gauge is not fit for the ordinary
> purpose for which cars are used.

*FAC* ¶ 87. It goes on to assert that "Plaintiffs have suffered injury from purchasing cars that have shrinking gas tanks, gas tanks that once shrunken, do not return to normal size, and cars with inaccurate fuel gauges[,]" *Id.* ¶ 88, and that "[t]he failure of the Prius to have a non-variable gas-tank size (that is, a gas tank that can always hold the stated capacity of 11.9 gallons) and an accurate gas gauge is a substantial factor in causing Plaintiffs' economic harm because the defect caused Plaintiffs to pay more for a defective car than a car without the defect." *Id.* ¶ 89.

For several reasons, however, these allegations do not suffice. First, while Plaintiffs' pleading need not contain detailed factual allegations, the law is clear that "conclusory allegations of law and unwarranted inferences are insufficient" to avoid dismissal under Rule 12(b)(6). *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citing *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005)). Accordingly, Plaintiffs' conclusory allegations that "[a] gas tank that holds as few as six gallons of gas is not fit for the ordinary purpose for which cars are used[, and an] inaccurate fuel gauge is not fit for the ordinary purpose for which cars are used[]" do not rescue Plaintiffs' implied warranty claim.

Second, to the extent that Plaintiffs' implied warranty claim is predicated on allegations that the Prius' fuel tank shrinks in cold weather, the Court clearly rejected this position in its prior Order. *See* Dkt. # 68 at 18-19 (Apr. 28, 2011) (disagreeing with Plaintiffs that "a car which is able to hold 6, 8, or 10 gallons of fuel in cold weather [ ] and which is able to travel, at minimum, 300 miles on a tank of gas [ ] is 'not fit for the ordinary purposes for which goods are used' and therefore violates the implied warranty of merchantability.") (internal citations omitted). In dismissing the Third Amended Complaint, the Court held that Plaintiffs could not state a claim for breach of implied warranty because they merely alleged that consumers had an option of using the Prius in an unsafe manner, that is, by ignoring the "add fuel" light and running a risk that the car might run out of gas. *Id.* Plaintiffs have presented no new facts or new law as would justify reconsidering this holding. Rather, in opposing Toyota's present motion to dismiss, Plaintiffs stress that their implied warranty claim is based on alleged defects relating to the accuracy of the fuel gauge. *See Opp'n* 7:12-9:9. To this end, they argue:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

> Plaintiffs did not allege that Prius owners were opting to ignore the "add fuel light" or otherwise being reckless about their fuel use—Plaintiffs allege that the fuel gauge is completely inaccurate…This is not an instance of a driver ignoring the 'add fuel' warning, but an instance of the Prius providing insufficient warning.

*Opp'n* 7:20-22; 8:12-14.

The problem with this argument, though, is that it is inconsistent with Plaintiffs' pleading. The first sentence suffers from hyperbole; at no point does the FAC allege that the fuel gauges in all 2004-2009 Toyota Prius vehicles are "completely" inaccurate. To the contrary, the pleading clearly correlates the alleged defect with cold weather, meaning that, by definition, the fuel gauge is not "completely" inaccurate. *See, e.g., FAC* ¶¶ 1, 2, 13, 14, 20, 21, 25, 51, 54(d), 80, 81, 87 (referencing cold weather). Even more troubling is that the Fourth Amended Complaint contains no allegations supporting Plaintiffs' statement that this case is an "instance of the Prius providing insufficient warning." The Troups – the only named Plaintiffs in this action – do not allege any such insufficient warning. There are no allegations that the Troups ever ran out of fuel as a result of an inaccurate fuel gauge, that their fuel gauge ever indicated there was more fuel than the fuel tank actually contained, and/or that they ever complained about the fuel gauge or inclinometer to a dealer. Grievances that other Prius owners allegedly posted on internet websites, *see FAC* ¶¶ 32-42, are of little avail. *See Pence v. Andrus,* 586 F.2d 733, 737 (9th Cir. 1978) ("In class actions, the named representative must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); *see also Madrigal v. Tommy Bahama Group, Inc.*, No. CV 09-08924 SJO, 2010 WL 4384235, at *4 (C.D. Cal. Oct. 18, 2010); *Pulido v. Coca-Cola Enterprises, Inc.,* No. EDCV 06-406 VAP, 2006 WL 1699328, at *3 (C.D. Cal. May 25, 2006). Accordingly, because Plaintiffs do not allege that *their* Prius suffered from any defects relating to the fuel gauge, this cannot serve as the predicate for their implied warranty claim. Because Plaintiffs thus fail to state a claim upon which relief could be granted, the Court therefore DISMISSES Plaintiffs' cause of action for breach of implied warranty.

    C.    <u>UCL Claim (First Cause of Action) and Magnuson-Moss Warranty Act Claim (Second Cause of Action)</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |

The allegations underlying Plaintiffs' first cause of action for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, rest on their claims for breach of express and implied warranty. *FAC* ¶ 61. Accordingly, for reasons set forth above, this cause of action necessarily fails. *See Berenblat v. Apple, Inc.,* Nos. 08-4969, 09-1649 JF, 2010 WL 1460297, at *6 (N.D. Cal. Apr. 9, 2010) (dismissing UCL claim based on alleged violation of Cal. Com. Code § 2314 upon finding that the plaintiff failed to state a cognizable warranty claim).

Likewise, dismissal of Plaintiffs' breach of express and implied warranty claims compels dismissal of Plaintiffs' Magnuson–Moss Warranty Act ("MMWA") claim. A viable MMWA claim requires a plaintiff to successfully plead a violation of state warranty law. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."). As explained above, Plaintiffs have failed to do so.

IV.     Conclusion

Thus, based on the foregoing, the Court DISMISSES Plaintiffs' Fourth Amended Complaint. Where, as here, a plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, "[t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted). As the FAC represents Plaintiffs' fifth attempt to state cognizable claims, and as Plaintiffs have come no closer to doing so, the Court finds that further leave to amend would be futile. *See In re Vantive Corp. Securities Litigation*, 283 F.3d 1079, 1097 (9th Cir. 2002) ("In this case, the plaintiffs had three opportunities to plead their best possible case. It was therefore not unreasonable for the district court to conclude that it would be pointless to give the plaintiffs yet another chance to amend."); *see also Nunez v. Bank of America, N.A.*, No. C 11–0081 MMC, 2011 WL 2181326, at *2 (N.D. Cal., June 2, 2011) (dismissing second amended complaint with prejudice on grounds that leave to amend complaint a fourth time would be futile). Accordingly, this case is dismissed with prejudice.

**IT IS SO ORDERED.**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1089 PSG (VBKx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | Karen Bush Gertz v. Toyota Motor Corporation *et al.* | | |